**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASSIUS HATIBIE, | No. 08-73704 |
| Petitioner, | Agency No. A078-020-275 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011**

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Cassius Hatibie, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

The record does not compel the conclusion that Hatibie established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, Hatibie's asylum claim fails.

Substantial evidence supports the agency's denial of withholding of removal because Hatibie's experiences in Indonesia, including one beating, did not constitute past persecution, *see Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009), and Hatibie failed to establish a clear probability of persecution on account of his religion if he returned to Indonesia, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003). Substantial evidence also supports the agency's denial of withholding of removal because Hatibie failed to establish he could not reasonably relocate within Indonesia. *See* 8 C.F.R. § 1208.16(b)(3).

Finally, substantial evidence supports the agency's denial of CAT relief because Hatibie failed to establish it is more likely than not he will be tortured upon return to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**